[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PRETRIAL CASE MANAGEMENT AND DISCOVERY ORDER-II
Whereas, it appearing to the court, after having held a status conference on August 14, 1991, that entry of a case management order to supplement the existing Pretrial Case Management and Discovery Order-I, which was entered August 29, 1989, is necessary and appropriate to facilitate the orderly progress of discovery in this case;
IT IS, on this 14th day of August, 1991, ORDERED as follows:
I. Incorporation of Case Management Order-I
Except to the extent that the provisions of Pretrial Case Management and Discovery Order-I are inconsistent with those provided herein, said Order is incorporated by reference herein and shall remain in full force and effort.
II. Response to Discovery Requests
As to any discovery requests served after the entry of this order, all objections and responses to such requests shall be served (or the production of documents made) within sixty (60) days after receipt of service of said requests.
III. Depositions
The scheduling of all depositions shall be coordinated by Plaintiff's counsel and Defendants' Steering Committee. Defendants' Steering Committee shall coordinate, and be responsible for, the scheduling of all depositions to be taken on behalf of all Defendants. To the extent that one or more, but not all Defendants, wish to schedule a deposition, counsel for said Defendant(s) shall confer with Defendants' Steering Committee and reach agreement as to scheduling of same. Defendants' Steering Committee shall designate counsel for each of Defendants' depositions to act as lead counsel and to take the deposition on behalf of all Defendants, without in any way limiting the right of individual Defendants to conduct additional, non-repetitive examination. Defendants' Steering Committee and Plaintiff's counsel shall attempt to reach agreement on all deposition schedules and shall make a good-faith effort to resolve any disputes without intervention by the Court.
Any party who intends to attend a deposition shall so inform the party responsible for taking the deposition not less than ten (10) days before the scheduled date of the deposition. The noticing party will arrange for suitable physical accommodations for CT Page 7635 the deposition.
Plaintiff's counsel and Defendants' Steering Committee shall attempt to agree upon deposition reporting firms to be used for depositions in this case, wherever taken. The reporting firm or firms agreed upon shall have the capacity to produce transcripts of all depositions on nine-track computer tape, in hard copy, and ASCII-formatted computer disks. Absent an agreement, Plaintiff, on the one hand, and Defendants, on the other hand, shall designate an equal number of reporting firms. The appearance fee of the court reporter and the costs of an original and one copy of the transcript shall be paid by the Plaintiff, if noticed by the Plaintiff, or pursuant to a cost-sharing agreement to be agreed upon by Defendants' Steering Committee, if noticed by any insurer Defendant.
IV. Discovery Motions
In the case of motions for discovery compliance and other discovery-related motions only, papers filed in opposition to such motion(s) shall be filed and served not later than twenty-one (21) calendar days from om the date of receipt of service of such motion. The moving party may, in its discretion, file and serve reply papers limited to matters of rebuttal within ten (10) calendar days of receipt of service of any opposition papers. If matters raised in any discovery motion are directed to and affect more than one Defendant, all affected Defendants shall attempt to coordinate their positions with Defendants' Steering Committee in an effort to avoid the filing of duplicative papers and the time for filing and serving opposition papers to such a motion shall be thirty (30) days from the date of receipt of service of such a motion; provided, however, that nothing contained herein shall limit the right of individual Defendants to submit, in good faith, separate motions or opposition papers. Separate opposition papers by any Defendant must be filed and served within the thirty (30) day response period set forth herein for the Defendants against whom the motion is directed. Any Defendant desiring to join in any discovery motion must file and serve all joinder papers within seven (7) days of receipt of service of the motion and any response by Plaintiff to such joinder shall be made within twenty-one (21) calendar days of receipt of service of such joinder papers.
V. Motions for Summary Judgment
In the case of motions for summary judgment only, papers filed in opposition to such motions shall be filed and served not later than forty-five (45) calendar days from the date of receipt of service of such motion. The moving party may, in its discretion, file and serve reply papers limited to matters of rebuttal within fifteen (15) calendar days of receipt of service of any opposition papers. If matters raised in any motion hereunder affect more than CT Page 7636 one Defendant, all affected Defendants shall attempt to coordinate their positions with Defendants' Steering committee in an effort to avoid the filing of duplicative papers; provided, however, that nothing contained herein shall limit the right of individual Defendants to submit, in good faith, separate motions or opposition papers. Separate opposition papers by any Defendant must be filed and served within the response period set forth herein for the Defendant against whom the motion is directed. Any Defendant desiring to join in a motion must file and serve all joinder papers within seven (7) days of receipt of service of the motion and any response by Plaintiff to such joinder shall be made within forty-five (45) calendar days of receipt of service of such joinder papers.
VI. Status Conferences
Unless otherwise directed by the Court, a status conference shall be held approximately four (4) months from the date of entry of this Order. Thereafter, a status conference will be held approximately every sixty (60) days, unless otherwise ordered by the Court. Counsel may file suggestions for agenda items for a status conference ten (10) or more calendar days before the scheduled status conference date.
Dated at Hartford, Connecticut, this 14th day of August, 1991.
BY THE COURT: Koletsky, J.